IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Mark Lott, | C/A No. 6:24-cv-05341-RMG-KFM |
| Plaintiff, | **REPORT OF MAGISTRATE JUDGE** |
| vs. | |
| Diana Barfield, Ron Lawrenz, Eric Ramos, Lisa Young, | |
| Defendants. | |

   The plaintiff, a civilly committed individual proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.  Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district court.  The plaintiff's complaint was entered on the docket on September 26, 2024 (doc. 1).  The plaintiff's case is in proper form for judicial screening.  However, upon review of the plaintiff's complaint, the undersigned recommends it be dismissed.

## ALLEGATIONS

   The plaintiff filed this § 1983 action asserting violations of his constitutional rights by the defendants (doc. 1).  The plaintiff alleges that on July 10, 2024, his medical shoes were taken (along with all other medical shoes for individuals in the "SMU[1]") because of Ms. Young and Mr. Ramos (*id*. at 5–6).  The plaintiff alleges that the state-issued "Bob Barker" shoes that he was then forced to wear for two weeks hurt his feet (*id*.).  The plaintiff contends that he complained to Mr. Lawrenz about his medical shoes, but Mr. Lawrenz did

---

[1] This appears to be a secured housing unit although the plaintiff does not explain the SMU abbreviation used in his complaint (*see* doc. 1).

not know about the decision to remove all medical shoes from the SMU (*id*. at 5). Ms. Barfield was aware of the removal of the medical shoes, but did not immediately get the shoes back (*id*.). The plaintiff alleges that the defendants knew about his need for medical shoes and acted negligently in ordering them removed for all individuals in the SMU (*id*. at 6). The plaintiff also alleges that he continued to complain about the pain in his feet from the state-issued shoes until his medical shoes were returned on July 25, 2024 (*id*. at 5–6). The plaintiff's injuries include bruises on his feet, swelling in his feet, knots on his feet, and re-aggravation of injuries to his feet (*id*. at 6).

## STANDARD OF REVIEW

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right

2

secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

As noted above, the plaintiff filed the instant action pursuant to § 1983, seeking damages from the defendants. However, the plaintiff's complaint is subject to summary dismissal. Here, as noted above, the plaintiff alleges that the defendants violated his rights when his medical shoes were taken away for two weeks while he was in the SMU (doc. 1 at 5–6). Because the plaintiff is a civilly committed individual, his claims are evaluated under the Due Process Clause of the Fourteenth Amendment and evaluated as set forth by the United States Supreme Court in *Youngberg v. Romeo*, 457 U.S. 307 (1982). In determining whether the rights of a civilly committed individual, such as the plaintiff, have been violated, the courts must balance the individual's liberty interest against the relevant state interests, but deference must be given to decisions of professionals. *Id.* at 321; *See Treece v. Winston-Wood*, C/A No. 3:10-cv-02354-DCN-JRM, 2012 WL 887476, at *3 (D.S.C. Feb. 23, 2012), *Report and Recommendation adopted by* 2012 WL 896360 (D.S.C. Mar. 15, 2012). Decisions by a professional are presumptively valid and liability may only be imposed when "the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Youngberg*, 457 U.S. at 323. The deference ensures that federal courts do not unnecessarily interfere with the internal operations of state institutions. *Id.* at 322.

Here, the plaintiff resides in a unit (the SMU) that limits the items he is allowed to possess based upon security concerns, and medical shoes were collected from all of the individuals in the SMU (doc. 1 at 5); thus, his assertion that the defendants should not have taken his medical shoes does not provide a basis for relief. Indeed, based on *Youngberg*,

the plaintiff's complaint makes it clear that Ms. Young and Mr. Ramos (who he alleges were behind the collection of medical shoes from individuals in the SMU) exercised professional judgment in determining that the medical shoes needed to be temporarily removed – meaning that their decision is presumptively valid. *Youngberg*, 457 U.S. at 323. Further, there is no indication that the short term removal of the plaintiff's medical shoes (which he refers to as negligent in nature) rose to the level of a departure from "accepted professional judgment" much less a *substantial* departure as required for liability under *Youngberg*. *Id*. Further, deference under *Youngberg* prevents unnecessary court interference with the operation of state institutions, such as security or property determinations for individuals (such as the plaintiff) in more secured/restrictive housing areas of the facility. *Youngberg*, 457 U.S. at 322. Moreover, even an intentional deprivation of property by a state employee does not violate the Due Process clause if there is a meaningful post-deprivation remedy – which there is in South Carolina. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code § 15-69-10, *et seq*.). As such, the plaintiff's claim that he was deprived of his medical shoes for two weeks while in the SMU is subject to dismissal.

## **RECOMMENDATION**

The undersigned is of the opinion that the plaintiff cannot cure the defects identified above by amending his complaint. Therefore, the undersigned recommends that the district court dismiss this action with prejudice, without leave to amend, and without issuance and service of process. *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022)

(published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable").

**The attention of the parties is directed to the important notice on the next page.**

        **IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

October 24, 2024
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

      The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

      Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

      **Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).